**United States District Court
Northern District of Alabama
Western Division**

01 JAN -5 PM 4:08

| | |
|---|---|
| **JAMES W. STEELEY, JR.,** ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | |
| vs. ] | CV00-N-03393-W |
| ] | |
| **A.W.L., INC., ET AL,** ] | |
| ] | |
| Defendant(s). ] | |

ENTERED

JAN 0 5 2001

**Memorandum of Decision**

The court has for consideration the motions of defendants A. W. L. Inc. [Document No. 4] and Lawson Chevrolet-Olds-Geo, Inc. [Document No. 7] to dismiss or stay this action and to require the plaintiff to arbitrate his claims against them. The matter has been briefed and is ripe for decision. Upon due consideration, the motions will be granted. The court has carefully examined the arbitration agreement executed by the parties and finds that it is broad enough to cover all the claims made by the plaintiff against all the defendants.[1]

By his agreement, Mr. Steeley agreed to arbitrate "any dispute arising out of all the contract(s) and agreements entered into by the parties of and concerning the below described motor vehicle, and business relationships resulting therefrom . . . ." The present claims against all these defendants are encompassed within "any dispute."

---

[1] Two comments are in order. First, responding to the motions, Mr. Steeley asserts that he "does not recall signing the arbitration agreement . . . " That is a far cry from a denial that the plaintiff actually signed the agreement. Certainly, it is insufficient in the face of the defendants' affidavit stating that the parties entered into the agreement. Second, the physical form of the arbitration agreement presented to the court is cause for some concern. Because the document is closely spaced and without sufficient margins, it is very difficult to read. While this court has struggled through it, some other judge might be less forgiving.



For these reasons, by separate order the plaintiff will be ordered to arbitrate his claims and the action will be dismissed without prejudice to any party to seek reinstatement to resolve any issues that may remain after arbitration proceedings. This order will be conditioned on the defendants' agreement to pay the costs associated with such arbitration that may exceed any costs the plaintiff might reasonably expect to incur in this court to litigate his claims.

Done, this 5th of January, 2001.

_____
EDWIN NELSON
UNITED STATES DISTRICT JUDGE

2